Mr. Vernon M. Arrell Commissioner Texas Rehabilitation Commission 118 East Riverside Drive Austin, Texas 78704
Re: Whether a state agency may insure mail or freight in transit
Dear Mr. Arrell:
You ask whether the Texas Rehabilitation Commission may insure freight or mail in transit. You explain that the commission has not done so in the past because of a number of attorney general opinions that have said that state agencies must have specific statutory authority to purchase insurance.
This office has issued opinions stating that state agencies may not purchase property insurance without specific authority. An early opinion supported that holding on the basis that premiums on insurance policies could not be paid out of an appropriation for "contingent expenses" because such expenses were "fixed and expected" expenses that had to be specifically provided for by the legislature. Attorney General Opinion O-201 (1939); see also Attorney General Opinion O-184 (1939). The opinion also cited a Senate Concurrent Resolution expressing legislative intent that no insurance be taken out on public buildings or their contents. A number of opinions have followed opinion O-201. See, e.g., Attorney General Opinions M-1257 (1972); M-753 (1970); O-842 (1939).
This office has also issued opinions stating that state agencies may not purchase liability insurance without specific statutory authority. See, e.g., Attorney General Opinions H-1318 (1978); H-742 (1975); M-1257 (1972). The reasoning underlying those opinions is that, because the legislature has specifically authorized various state agencies to purchase liability insurance in certain circumstances, the legislature has indicated that state agencies may not purchase liability insurance without such specific authorization.
We do not think that it follows from these opinions that a state agency may not insure mail or freight in transit. Agency heads are responsible for the care and safekeeping of state property possessed by their agencies. V.T.C.S. art. 610b, § 8.03(a). Purchasing postal insurance or freight insurance from the carrier to cover such property when it is in transit may be a reasonable means of caring for state property. In such circumstances, insurance purchased to cover mail or freight in transit is, in effect, an additional cost of postage or transportation. Also, like postal expenses generally, expenditures for insuring mail and freight are not "fixed and expected" expenses. See Attorney General Opinion V-1423 (1952) ("contingent expenses" include postage). Therefore, a state agency may spend money appropriated for contingent expenses or operating expenses for postal or freight insurance.
 SUMMARY
A state agency does not need specific authorization to insure mail or freight in transit.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General